IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHARINE GALLIEN | § | |
| | § | |
| VS. | § | C.A. NO._____ |
| | § | |
| HOME DEPOT U.S.A., INC. dba "The | § | |
| Home Depot," "The Home Depot Pro" & | § | |
| "Supplyworks" | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff KATHARINE GALLIEN files this Plaintiff's Original Complaint, complaining of Defendant HOME DEPOT U.S.A., INC. dba "The Home Depot," "The Home Depot Pro" & "Supplyworks," and for cause of action, states the following:

### A. JURY DEMAND

1. Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Complaint.

### B. PARTIES

2. Plaintiff KATHARINE GALLIEN is an individual residing in the state of Texas.

3. Defendant HOME DEPOT U.S.A., INC. dba "The Home Depot," "The Home Depot Pro" & "Supplyworks," is a Delaware limited liability company, with its principal place of business in Atlanta, Georgia, doing business in the State of Texas. It may be served with process by serving its registered agent for service of process in Texas:

**HOME DEPOT U.S.A., INC.**
**c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Co**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701-3218**

## C. JURISDICTION AND VENUE

4. The court has jurisdiction over the lawsuit under section 1332(a)(1) of Title 28 of the United States Code because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. At all times relevant to these causes of action, Defendant had continuing and systematic contacts with the State of Texas and this judicial district by delivering its products into the stream of commerce with the expectation that they would reach the State of Texas and this judicial district.  Further, Defendant had minimum contacts with Texas and this judicial district, and was doing business in Texas and this judicial district by, among other things, distributing, marketing and selling its products to residents of the State of Texas and this judicial district.  Plaintiff's causes of action arise from such contacts and business.

## D. CONDITIONS PRECEDENT

7. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## E. FACTS

8. This lawsuit arises out of a violent automobile crash that occurred on or about July 21, 2019. The crash was caused by an agent or employee of Defendant Home Depot failing to properly connect a trailer rented at Home Depot Store Number 539 to a Penske truck being driven by David Urlostegui.  Shortly after the trailer was rented from Home Depot, it suddenly became disconnected from the vehicle towing it as the trailer was being towed in heavy traffic.  The

disconnected trailer crashed into moving traffic. As a direct result of Home Depot's negligence in failing to properly connect the trailer, Plaintiff Katharine Gallien's vehicle was totaled and Ms. Gallien suffered severe and permanent personal injuries.

9. As a direct and proximate cause of the negligence of the Defendant herein, Plaintiff has suffered serious and substantial injuries and damages.

## F. CAUSES OF ACTION

### Negligence

10. At all times relevant to this cause of action, Defendant, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently as the operator of a retail establishment and a renter of trailers for profit. The Defendant breached this duty by failing to exercise the ordinary care that a reasonable and prudent retail establishment renter of trailers for profit would have exercised under the same or similar circumstances by, among other things:

   a. Failing to implement adequate policies and protections to prevent incidents such as the one made the basis of this suit;
   b. Failing to take measures to properly and safely connect the trailer involved in the crash to the trailer's towing vehicle;
   c. Failing to properly instruct renters of trailers and trucks concerning the safe manner to tow a trailer;
   d. Failing to properly train its agents and employees concerning how to properly and safely connect trailers to towing vehicles and how to properly instruct renters of trailers and trucks concerning the safe manner to tow trailers.

11. Defendant is liable for the negligence of its agents, and independently liable, because Defendant did not use ordinary care in hiring, supervising, training, and retaining its agents

and their supervisors, and the breach of the applicable standard of care by its agents and their supervisors, as described above, proximately caused injuries to Plaintiff.

12. Each of these acts, singularly or in combination, constituted negligence. As a direct and proximate result of Defendant's negligence and failure to exercise reasonable care, Plaintiff suffered severe injuries.

## G. PERSONAL INJURIES AND DAMAGES

13. As a result of Defendant's actions, Plaintiff suffered severe bodily, economic, and mental injuries. Consequently, Plaintiff seeks the following damages:

   1. <u>Medical Expenses</u>: Plaintiff has sustained bodily injuries which were caused by the incident in question. Plaintiff has incurred medical expenses in the past and will continue to incur them in the future.

   2. <u>Physical Pain</u>: Plaintiff has endured physical pain in the past and will endure pain in the future.

   3. <u>Mental Anguish</u>: Plaintiff has endured mental anguish in the past and will endure mental anguish in the future.

   4. <u>Loss of Earning Capacity</u>: Plaintiff has suffered a loss of earnings in the past, and will continue to suffer a loss of earning capacity in the future.

   5. <u>Disfigurement</u>: Plaintiff has endured disfigurement in the past, and Plaintiff will continue to suffer the effects in the future.

   6. <u>Impairment</u>: Plaintiff has endured physical impairment in the past, and Plaintiff will continue to suffer the effects in the future.

   7. <u>Property Damages</u>: Plaintiff suffered property damages to the automobile in which she was travelling. The vehicle could not be repaired, and the vehicle had to be totaled. She seeks repair costs and/or replacement costs for the vehicle.

14. In all reasonable probability, Plaintiff will continue to suffer from these injuries for the rest of her life, and Plaintiff seeks compensation for such future damages.

## H. RELIEF SOUGHT

15. Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried, after which Plaintiff recovers:

    1. Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages indicated above;
    2. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
    3. Costs of suit; and
    4. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**CRAIN BROGDON ROGERS, L.L.P.**

   */s/ Quentin Brogdon*
**QUENTIN BROGDON**
Texas State Bar No. 03054200
**ROBERT D. CRAIN**
Texas State Bar No. 00790525
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Phone: (214) 522-9404
Fax: (214) 613-5101
Email: Qbrogdon@cbrlawfirm.com
Email: rcrain@cbrlawfirm.com

**ATTORNEYS FOR PLAINTIFF**